97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Blair WEAVER, Defendant-Appellant.
 No. 95-10460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Blair Weaver appeals the revocation of his supervised release for a two-count fraud conviction. Weaver contends that the district court erred in denying his motion for recusal at the revocation hearing. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.
 
 
 3
 The district court judge who had sentenced Weaver presided over the revocation hearing. The revocation was based in part on violation of state law, namely bigamy. The government called Terry Catchpole as a witness to establish the allegations of bigamy. On direct examination, Catchpole testified that Weaver had once stated that he was waiting for the district court judge and his wife to return from dinner, which led Catchpole to believe that perhaps Weaver and the judge were personal friends. At the conclusion of Catchpole's testimony, the district court discussed with her the necessity of obtaining counsel to annul her marriage to Weaver. In particular, the district court mentioned, "[the annulment] can be accomplished while Mr. Weaver is sitting in prison."
 
 
 4
 Weaver argued that this statement evidenced the district court's bias against him and demonstrated that the district court had predetermined the outcome of the revocation proceeding before hearing all the evidence. The district court denied Weaver's oral motion for recusal.
 
 
 5
 We review the district court's denial of the recusal motion for abuse of discretion. United States v. Payne, 944 F.2d 1458, 1476 (9th Cir.1991), cert. denied, 503 U.S. 975 (1992); United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989).
 
 
 6
 Title 28 of the United States Code, § 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test for disqualification is an objective one: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Payne, 944 F.2d at 1476.
 
 
 7
 One important factor weighing against Weaver's recusal motion is that the alleged bias does not derive from an extrajudicial source. Liteky v. United States, 510 U.S. 540, 554 (1994). Weaver himself acknowledges that he "cannot point to any evidence of extrajudicial bias by [the district court judge]."
 
 
 8
 Weaver attempts to finesse the issue by pointing to Catchpole's testimony regarding Weaver's alleged acquaintance with the district court judge. However, Weaver himself testified that he was not personally acquainted with the judge. Weaver specifically denied ever having made any statement connecting himself to the judge. Catchpole's testimony establishes, at most, that Weaver may have on one occasion misrepresented that he was friends with the presiding judge.
 
 
 9
 Any negative opinion that the district court may have formed as a result of Catchpole's testimony was based on facts introduced or events occurring in the course of the instant proceedings against Weaver. As such, these beliefs "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; United States v. Chischilly, 30 F.3d 1144, 1149 (9th Cir.1994), cert. denied, 115 S.Ct. 946 (1995).
 
 
 10
 Our review of the record reveals that the district court's statements did not demonstrate any antagonism against Weaver so as to make fair judgment impossible. Weaver's alleged misrepresentation of his relationship with the district court judge does not reflect bias on the part of the judge himself. Cf. United States v. Olander, 584 F.2d 876, 888 (9th Cir.1978) ("[t]he affidavit [establishing that defendant had carried out a media campaign to have Judge Boldt impeached] does show that Schruder ... has lost his objectivity toward Judge Boldt. It does not show a comparable loss of impartiality on Judge Boldt's part."), vacated on other grounds sub nom. Harrington v. United States, 443 U.S. 914 (1979).
 
 
 11
 In stating that Catchpole could annul her marriage even "while Mr. Weaver is sitting in prison," the district court meant simply to inform Catchpole that even if Weaver's supervised release were revoked, his incarceration would not prevent her from pursuing the annulment of their marriage. The district court made the statement in response to Catchpole's inquiries regarding the status of her marriage and in the context of assisting Catchpole in her predicament. When Weaver moved for recusal, the district court reaffirmed that its only intent was to ensure that Catchpole obtain legal counsel in the annulment proceedings.
 
 
 12
 A reasonable person with knowledge of all the facts would not conclude that the judge's impartiality might reasonably be questioned. Payne, 944 F.2d at 1476. We find that the district court did not abuse its discretion in denying Weaver's motion for recusal.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3